IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HOLLY NEIL BENNETT,

     Petitioner,

v.                       Criminal Action No. 1:08CR78
                          Civil Action No. 1:10CV5
                                (Judge Keeley)

UNITED STATES OF AMERICA,

     Respondent.


ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]

## I. INTRODUCTION

Pursuant to the terms of a plea agreement, on December 15, 2008, the pro se petitioner, Holly Neil Bennett ("Bennett"), pleaded guilty to maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(2). Bennett's plea agreement included the following two paragraphs:

> 11. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 21 of the United States Code for the offense of conviction.

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

> 12. The above paragraph notwithstanding, the
> defendant will retain his appellate rights and
> rights to collaterally attack his conviction
> only with respect to any sentence imposed
> above the applicable Guideline range using a
> base offense level 33 or higher. The
> reservation of rights is designed to ensure
> that the United States and the defendant
> retain the benefits of the plea agreement.
> . . .

Plea Agreement at ¶¶ 11, 12 (crim. dkt. no. 382). The plea
agreement also stipulated that Bennett's relevant conduct included
2 to 3 grams of cocaine base, and that his base offense level under
U.S.S.G. § 4B1.1 was a Level 32. Id. at ¶ 9.

Based solely on Bennett's relevant conduct, at sentencing the
Court determined his base offense level to be a Level 18. See
Transcript of Record at 11-12, United States v. Bennett, No.
1:08CR78-2 (N.D.W. Va. Apr. 2, 2009) (crim. dkt. no. 812). It also
concluded, however, that Bennett qualified as a career offender,
and, as a result, increased his base offense level to a Level 32.
Id. at 12. With a three-level reduction for acceptance of
responsibility, Bennett's resulting total offense level was a Level

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

29.  Given a criminal history category VI, Bennett's ultimate Guideline range was 151 to 188 months of incarceration. <u>Id.</u>

During the sentencing hearing, neither Bennett nor his attorney objected to these findings. Following Bennett's allocution and argument by counsel, the Court sentenced Bennett to 170 months of incarceration, a sentence in the middle of the Guideline range. <u>See</u> Judgment and Commitment Order (crim. dkt. no. 541). Bennett did not appeal his sentence.

Nevertheless, on January 8, 2010, Bennett filed a <u>pro se</u> Petition to Vacate Conviction and/or Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 petition"), asserting that the Court had erred by using factors under U.S.S.G. § 2D1.1(c) to establish his base offense level ("Ground One"), and 2) by using a "property offense" to determine his career offender status ("Ground Two"). After the government filed its response, arguing that Bennett's § 2225 petition should be denied and dismissed, Bennett asserted in reply that he had received ineffective assistance of counsel ("Ground

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

Three") because his attorney had never pursued the matters raised in Grounds One and Two of his petition.  Then, in an amended § 2255 petition, Bennett further asserted that he had received ineffective assistance of counsel because his attorney had overlooked mistakes in the computation of his offense level as well as a mathematical error relating to his relevant conduct.  Bennett also contended that his base offense level should be re-calculated under the Fair Sentencing Act of 2010 ("FSA") ("Ground Four").

The Court referred Bennett's petitions to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for an initial screening pursuant to Local Rule of Prisoner Litigation Procedure 2. On March 1, 2011, Magistrate Judge Kaull filed a Report and Recommendation ("R&R"), recommending that Bennett's § 2255 petition and amended petition be denied and dismissed with prejudice, and that his motion for clarification of judgment on presentence report and motion for an amendment to the

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

clarification of judgment on the presentence report be denied as moot.

Magistrate Judge Kaull based his recommendation on his conclusion that, pursuant to the terms of his plea agreement, Bennett had waived his right to collaterally attack his sentence for any claims arising prior to the entry of his guilty plea under Grounds One, Two and Three. With respect to Bennett's claim of ineffective assistance of counsel based on matters arising after the entry of his guilty plea, Magistrate Judge Kaull concluded that, because Bennett had validly waived his right to challenge Grounds One and Two, his attorney's failure to pursue those grounds did not constitute ineffective representation.

Finally, Magistrate Judge Kaull concluded that Bennett's ineffective assistance of counsel claim under Ground Four failed as a matter of law. While acknowledging that Bennett's presentence report should have included an adjusted offense level of 15 rather than 16, he concluded that this error was mooted by the fact that

ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]

Bennett's base offense level ultimately was a Level 32 based on his career offender status. Accordingly, Bennett's attorney was not ineffective when he failed to raise this error. Magistrate Judge Kaull also concluded that Bennett's challenge to his relevant conduct was without merit because Bennett had stipulated to a drug weight of 2 to 3 grams of cocaine base. Finally, because the FSA does not apply retroactively, Magistrate Judge Kaull concluded that Bennett was not entitled to a recalculation of his base offense level. Bennett filed timely objections to the R&R.

## II. STANDARD OF REVIEW

When considering an R&R, a court should review de novo any portion to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the petitioner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Bennett has specifically objected.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING**
**WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION**
**[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS**
**MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON**
**PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO**
**THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT**
**[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING**
**[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

## III.  DISCUSSION

Bennett contends that he did not waive his right to collaterally attack the effectiveness of his counsel's representation in his plea agreement.  He further contends that his counsel was ineffective in several respects, including 1) by failing to challenge the presentence report's inclusion of an adjusted offense level of 16; 2) by failing to challenge his relevant conduct; and 3) by failing to challenge the calculation of his career offender status.  Finally, Bennett contends that the FSA should apply retroactively for the purpose of determining his base offense level.  As explained below, the Court rejects each of these objections.

### A.  Bennett's Sixth Amendment Right to the Effective Assistance of Counsel

Bennett is a high school graduate who spent one semester at Fairmont State University.  See Transcript of Record at 8, United States v. Bennett, No. 1:08CR78-2 (N.D.W. Va. Dec. 15, 2008) (crim. dkt. no. 819).  During his Rule 11 colloquy, he acknowledged that

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

he had stipulated to being a career offender,[1] and stated he

understood the broad scope of his appellate and habeas waivers.[2]

He also stated that he was fully satisfied with his attorney's

representation up to that point,[3] and that he had freely and

voluntarily decided to plead guilty.[4] Because Bennett's plea was

freely and voluntarily made, and, as stipulated, his base offense

level was a Level 32, Bennett clearly waived his right to

collaterally attack his conviction and sentence. See United States

v. Attar, 38 F.3d 727, 731 (4th Cir. 1994).

Bennett nevertheless contends that he received ineffective

assistance of counsel after the Rule 11 colloquy and guilty plea

---

[1]   Transcript of Record at 21-22, 31, United States v.
Bennett, No. 1:08CR78-2 (N.D.W. Va. Dec. 15, 2008) (crim. dkt. no.
819).

[2]   Id. at 14-16, 32-33.

[3]   Id. at 16-17.

[4]   Id. at 27, 32.

ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]

hearing, and that his plea agreement does not bar such claims. <u>See</u> <u>id.</u> at 732.

Whether Bennett's contentions are barred by the waiver provisions of his plea agreement, they are clearly without merit. While the Sixth Amendment to the United States Constitution guarantees a defendant the right to the effective assistance of counsel, <u>see</u> <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403 (2011), in order to prevail on a claim for the deprivation of this right, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). To establish prejudice under <u>Strickland</u>, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]

## 1.   Bennett's Status as a Career Offender

Despite Bennett's argument otherwise, the failure of his attorney to challenge Bennett's status as a career offender did not render his assistance ineffective.   Bennett contends that the offense of maintaining a drug-involved premises in violation of 21 U.S.C. § 856 is as susceptible to being construed as a "property offense" as to being construed as a "drug offense,"[5] and that, consequently, such ambiguity renders the statute unconstitutionally vague, so that it cannot be used to qualify him as a career offender.   This argument is wholly without merit.

Pursuant to U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if 1) he was at least eighteen years old at the time he committed his offense of conviction; 2) his "offense of conviction is a felony that is either a crime of violence or a controlled substance offense;" and 3) he has "at least two prior felony convictions of either a crime of violence or a controlled

---

[5]   The materiality of this distinction is not apparent.

10

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

substance offense." U.S.S.G. § 4B1.1(a) (2009). The Guidelines

define a "controlled substance offense" as

> an offense under federal or state law,
> punishable by imprisonment for a term
> exceeding one year, that prohibits the
> manufacture, import, distribution, or
> dispensing of a controlled substance (or a
> counterfeit substance) or the possession of a
> controlled substance (or a counterfeit
> substance) with intent to manufacture, import,
> export, distribute, or dispense.

Id. at §§ 4B1.1, App. Note 1, and 4B1.2. Application Note 1 to

§ 4B1.2 further provides that

> [m]aintaining any place for the purpose of
> facilitating a drug offense (21 U.S.C. § 856)
> is a "controlled substance offense" if the
> offense of conviction established that the
> underlying offense (the offense facilitated)
> was a "controlled substance offense."

Id. at § 4B1.2, App. Note 1.

Under the Guidelines, the base offense level for a career

offender is determined by the statutory maximum sentence for the

offense of conviction. See U.S.S.G. § 4B1.1(b). The statutory

maximum sentence for maintaining a drug-involved premises in

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

violation of 21 U.S.C. § 856(a)(2) is 20 years of imprisonment.
See 21 U.S.C. § 856(b).  Under § 4B1.1(b), therefore, the base
offense level for a career offender convicted of an offense with a
statutory maximum of 20 years of imprisonment is a Level 32.

Here, it is undisputed that Bennett was at least 18 years old
at the time he committed his offense of conviction, and that he had
two prior felony convictions for crimes of violence.[6]  The only
question raised by Bennet is whether his "offense of conviction" is
a "controlled substance offense."

Bennett pleaded guilty to maintaining a drug-involved premises
"for the purpose of unlawfully storing, distributing and using a
controlled substance, that is, cocaine base, also known as 'crack',
a Schedule II drug controlled substance[.]"  Indictment at  75
(crim. dkt. no. 4); see also Plea Agreement at ¶ 9 (crim. dkt. no.
382).  Accordingly, whether 21 U.S.C. § 856 may be construed as a

---

[6] Bennett's two prior "crimes of violence" include "unlawful
wounding" and "domestic battery, third offense."  See Amended
Presentence Report at ¶¶ 143, 156

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

"property offense," the purpose of Bennett's involvement concerned the use and distribution of crack cocaine, which undoubtedly qualifies as a "controlled substance offense" under the career offender provisions of the Guidelines.

Bennett's argument that 21 U.S.C. § 856(a)(2) is unconstitutionally vague because it is equally susceptible of being interpreted as either a "property offense" or a "drug offense" is equally unavailing as 21 U.S.C. § 856(a)(2) clearly prohibits a person from managing or controlling a place "for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." As such, the statute is not unconstitutionally vague since it puts a person such as Bennett on notice that his conduct is forbidden. Accord United States v. Lancaster, 968 F.2d 1250, 1253 (D.C. Cir. 1992) (rejecting a vagueness challenge to the validity of 21 U.S.C. § 856). Thus, Bennett's challenge to the constitutionality of 21 U.S.C. § 856(a)(2) is without merit. See Papachristou v. City of

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

Jacksonville, 405 U.S. 156, 163 (1972) (quoting United States v.

Harriss, 347 U.S. 612, 617 (1954)) (holding that a statute will be

"void for vagueness" when it "'fails to give a person of ordinary

intelligence fair notice that his contemplated conduct is forbidden

by the statute.'").

Accordingly, Bennett's attorney was not ineffective when he

failed to challenge Bennett's status as a career offender, or

failed to bring a vagueness challenge as to the constitutionality

of 21 U.S.C. § 856(a)(2).

### 2.   Bennett's Base Offense Level

Bennett also argues that he was deprived of the effective

assistance of counsel when his attorney failed to challenge the

presentence report's inclusion of an adjusted offense level of 16.

Based on a three-level reduction for acceptance of responsibility

from a base offense level of 18, Bennett contends that his adjusted

offense level should have been 15.

ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]

As explained earlier, however, because the statutory maximum sentence for maintaining a drug-involved premises is 20 years of imprisonment, Bennett's status as a career offender raised his base offense level to a Level 32.  See 21 U.S.C. § 856(b); U.S.S.G. § 4B1.1(b).  Whether Bennett's adjusted offense level without that enhancement should have been a Level 15 or 16 is irrelevant, and the error identified by Bennett is immaterial. His attorney's failure to address this issue, therefore, did not constitute ineffective assistance of counsel.

### 3.  Bennett's Relevant Conduct Drug Weight

Bennett further argues that the presentence report improperly calculated his relevant drug weight. Rather than 2 to 3 grams of cocaine base, he contends the correct weight actually was 1.21 grams of cocaine base.  This objection also is without merit.

As a threshold matter, Bennett stipulated that his relevant drug weight was between 2 to 3 grams of cocaine base.  Moreover, his status as a career offender drove his Guideline level, not his

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

relevant drug conduct.[7]  Assuming Bennett's relevant conduct, in

fact, was 1.21 grams of cocaine base, his initial base offense

level would have been 16.  With a three-level reduction for

acceptance of responsibility, his adjusted offense level would have

been 13 but for his status as a career offender.

Even assuming Bennett's initial adjusted offense level should

have been a Level 13, based on his status as a career offender, his

total offense level was actually a Level 29, exactly the level the

Court calculated at the time of sentencing.  Accordingly, any

failure by Bennett's attorney to raise this matter was harmless

error and did not constitute ineffective assistance of counsel.

---

[7]  Bennett's attorney recognized this fact during his Rule 11
colloquy: "[Bennett's] sentence . . . is not quantity driven but
criminal history driven. He is fully aware of that[.]"  Transcript
of Record at 31, United States v. Bennett, No. 1:08CR78-2 (N.D.W.
Va. Dec. 15, 2008) (crim. dkt. no. 819). Bennett did not dispute or
challenge his attorney's description of his understanding.

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

B.    **The Fair Sentencing Act of 2010**

Finally, Bennett argues that his base offense level should be recalculated pursuant to the FSA. As Magistrate Judge Kaull correctly concluded, however, the FSA does not apply retroactively. See United States v. McDougald, No. 10-4929, 2011 WL 1211322, at *1 (4th Cir. Apr. 1, 2011) (unpublished) (holding that "the Fair Sentencing Act, which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties, is not retroactive and is only applicable to defendants who commit their offenses after its effective date."). Accordingly, Bennett's Guideline range is not subject to re-calculation under the FSA.

## IV. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety (crim. dkt. no. 869, civ. dkt. no. 14), **DENIES** and **DISMISSES WITH PREJUDICE** Bennett's § 2255 petition and amended petition (crim. dkt. nos. 858, 799, civ. dkt. nos. 8, 1), and **DENIES AS MOOT** Bennett's motion for clarification of judgment

17

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

on presentence report (crim. dkt. no. 845), motion for amendment to
the clarification of judgment on the presentence report (crim. dkt.
no. 856), and motion for an evidentiary hearing (crim. dkt. no.
876, civ. dkt. no. 20).

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and
Section 2255 Cases, this Court declines to issue a certificate of
appealability as Bennett has not made a substantial showing of a
denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2);
<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to
satisfy § 2253(c), a petitioner must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong) (citing <u>Slack v.
McDaniel</u>, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of
Court to enter a separate judgment order and to transmit copies of

**ORDER ADOPTING REPORT AND RECOMMENDATION
[CRIM. DKT. NO. 869, CIV. DKT. NO. 14], DENYING AND DISMISSING
WITH PREJUDICE PETITIONER'S § 2255 PETITION AND AMENDED PETITION
[CRIM. DKT. NOS. 858, 799, CIV. DKT. NOS. 8, 1], AND DENYING AS
MOOT PETITIONER'S MOTION FOR CLARIFICATION OF JUDGMENT ON
PRESENTENCE REPORT [CRIM. DKT. NO. 845], MOTION FOR AMENDMENT TO
THE CLARIFICATION OF JUDGMENT ON THE PRESENTENCE REPORT
[CRIM. DKT. NO. 856], AND MOTION FOR AN EVIDENTIARY HEARING
[CRIM. DKT. NO. 876, CIV. DKT. NO. 20]**

both orders to counsel of record and to the pro se petitioner,

Holly Neil Bennett, via certified mail, return receipt requested.

DATED: April 29, 2011.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE